**EXHIBIT 'A'**

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA CIVIL DIVISION

DANIEL DEASE,

       Plaintiff,

vs.                                       Case No.: 2020-CA-000142-16K-L

MORTON ELECTRIC, INC.,

       Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

MORTON ELECTRIC, INC.
c/o Duane H Pitts (Registered Agent)
3625 West 1st Street
Sanford, FL 32771

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on JAMES J HENSON, **Morgan & Morgan, P.A.,** 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

    If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **SEMINOLE COUNTY COURTHOUSE, 301 NORTH PARK AVENUE,**

1

**SANFORD, FL 32771, (407) 665-4227**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the 23rd day of JANUARY, 2020.

Grant Maloy
Clerk of the Circuit Court
And Comptroller

By _Deborah Conant_
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un

3

avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

JAMES J. HENSON, ESQ.
MORGAN & MORGAN, P.A.
POST OFFICE BOX 4979
20 NORTH ORANGE AVENUE, SUITE 1600
ORLANDO, FLORIDA 32802-4979

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA CIVIL DIVISION

DANIEL DEASE,

      Plaintiff,

vs.                                        Case No.:

MORTON ELECTRIC, INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL DEASE ("Plaintiff"), by and through his undersigned attorneys, brings this action against Defendant, MORTON ELECTRIC, INC., ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff, DANIEL DEASE, brings this action pursuant to the Florida Civil Rights Act, Ch. 760, ("FCRA") Florida Statutes and the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"). Plaintiff seeks all damages to which he is entitled by law.

### JURISDICTION AND VENUE

2. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has

ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

3. Defendant's principal place of business is located in Seminole County, Florida. At all times material to this action Defendant was operating and conducting business in Seminole County, Florida.

4. Venue lies within Seminole County because Defendant is a resident of the County in which this claim is brought, where a substantial part of the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to bringing this action have occurred.

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. The EEOC issued a right-to-sue letter November 4, 2019.

8. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge and less than 90 days have passed since the issuing of the right-to-sue letter and the filing of this lawsuit.

## PARTIES

9. At all times relevant hereto, Plaintiff was an employee of Defendant.

10. At all relevant times, Defendant was a "covered employer pursuant to the FCRA.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed as a purchasing agent with Defendant.

12. Plaintiff began working for Defendant on approximately January 3, 2017 until his termination on April 1, 2019.

13. During his employment Plaintiff always met or exceeded Defendant's performance expectations.

14. On or about January 3, 2019, Plaintiff woke up with numbness in one of his legs, which made it difficult for him to walk.

15. Plaintiff went to the doctor for his condition and was told by the doctor that he should rest until January 14, 2019, at which time Plaintiff would be able to return to work with the only restrictions being that he would not be able to lift more than 10lbs.

16. Plaintiff returned to work on January 14, 2019, as permitted by his doctor, but was sent home after he provided Defendant with his restrictions.

17. On or about January 17, 2019, the owner of the company, Duane Pitts, called and informed Plaintiff that he should stay home.

18. Although Plaintiff could have performed his job duties with his restrictions, he was not permitted to return to work.

19. On or about January 22, 2019, Plaintiff received FMLA paperwork from Defendant. The paperwork was completed by his Doctor and Plaintiff returned it to Defendant.

20. Plaintiff's FMLA leave was postdated to reflect that it began on January 3, 2019.

21. On or about March 28, 2019, Plaintiff received a letter from Defendant, dated March 26, 2019, that stated if Plaintiff did not provide Defendant with information about his intent to return to work by April 1, 2019, he would be terminated, or alternatively, he could immediately tender his resignation. See letter attached as Exhibit "A".

22. On or about March 29, 2019, Plaintiff returned to his doctor and on April 1, 2019, Plaintiff returned to work with amended the restriction that he would be able to lift up to 15lbs with no repetitive bending.

23. Upon his return to work Plaintiff found that someone else, Kellie McMurray, had been moved into his office while he was on FMLA leave and his personal items had been removed.

24. Defendant immediately terminated Plaintiff after he provided his revised restrictions to human resources despite the fact that the March 26th letter indicated that Plaintiff had FMLA up to and through April 3, 2019.

25. Defendant failed to provide reasonable accommodation when it refused to engage Plaintiff in the interactive process to explore reasonable accommodations in violation of his rights pursuant to the FCRA.

26. Defendant discriminated against Plaintiff when it required him to return to work with no restrictions.

27. Defendant's decision to terminate Plaintiff instead of exploring or providing reasonable accommodation was pretext for disability discrimination.

28. Defendant violated the FMLA when it interfered with Plaintiff's right to fully use his FMLA leave.

29. Furthermore Defendant retaliated against Plaintiff when it terminated him for taking FMLA leave.

## COUNT I
## FCRA - FAILURE TO ACCOMMODATE

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27.

31. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

32. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

33. Plaintiff asked for a reasonable accommodation. However, Defendant refused to engage in the interactive process.

34. But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

35. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

36. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

37. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

38. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, MORTON ELECTRIC, INC.:

    a. Back pay and benefits;
    b. Interest in back pay and benefits;
    c. Front pay and future benefits;
    d. Compensatory damages for emotional damages;
    e. Other non-pecuniary damages;
    f. Injunctive relief;
    g. Attorneys' fees and costs, and
    h. For such other relief this Court deem just and equitable.

## COUNT II
## FCRA – DISABILITY DISCRIMINATION

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27.

41. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

42. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

43. Plaintiff asked for a reasonable accommodation. However, Defendant refused to engage in the interactive process.

44. Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

45. Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

46. But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

47. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

48. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

49. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

50. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

51. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, MORTON ELECTRIC, INC.:

   a. Back pay and benefits;
   b. Interest in back pay and benefits;
   c. Front pay and future benefits;
   d. Compensatory damages for emotional damages;
   e. Other non-pecuniary damages;
   f. Injunctive relief;
   g. Attorneys' fees and costs, and
   h. For such other relief this Court deem just and equitable.

## COUNT III
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

52. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 – 24 and 28-29, above, as if fully set forth herein.

53. Plaintiff was approved for job protected FMLA leave from January 3, 2019 through April 3, 2019.

54. Plaintiff was terminated on April 1, 2019 – two days before the expiration of his FMLA leave.

55. Defendant interfered with the exercise of Plaintiff's right to unpaid leave, because Defendant terminated Plaintiff prior to the completion of his FMLA leave.

56. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57. Because Defendant cannot show that its violation of the FMLA was in good faith Plaintiff is entitled to liquidated damages.

58. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff prays for the following damages against Defendant, MORTON ELECTRIC, INC.:

    a. Back pay and benefits;
    b. Interest in back pay and benefits;
    c. Front pay and future benefits;
    d. Liquidated Damages;
    e. Attorneys' fees and costs, and

    f.      For such other relief this Court deem just and equitable.

## COUNT IV
## FMLA - RETALIATION

59.    Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 – 24 and 28-29, above, as if fully set forth herein.

60.    At all times relevant hereto, Defendant retaliated against Plaintiff because he exercised his right to take leave from work that was protected under the FMLA.

61.    At all times relevant hereto, Defendant retaliated against Plaintiff because he of his own serious health condition.

62.    At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating his employment for seeking time off under the FMLA.

63.    At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

64.    As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65.    Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

66.    Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff prays for the following damages against Defendant, MORTON ELECTRIC, INC.:

    a.    Back pay and benefits;
    b.    Interest in back pay and benefits;
    c.    Front pay and future benefits;
    d.    Liquidated Damages;
    e.    Attorneys' fees and costs, and
    f.    For such other relief this Court deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 22nd day of January, 2020.

MORGAN & MORGAN, P.A.

/s/ James J. Henson
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
        ssiagel@forthepeople.com
Attorney for Plaintiff

# EXHIBIT A



3625 West First Street
Sanford, Florida 32771
407-830-1000
Fax: 321-363-5147
EC0000843

3/26/2019

Mr. Daniel Dease



Daniel,

I hope this letter finds you recuperating and getting your strength back. Regrettably, I am writing to inform you that you are about to exhaust your 12 weeks (480 hours) of leave under the Family and Medical Leave Act (FMLA) as of 4/3/2019, at which time your employer sponsored insurance will end.

In accordance with the MEI's policy on FMLA, we require all employees on leave to provide notice of their intent to return to work. You will need to provide a certification statement from your healthcare provider releasing you for full work with no restrictions.

Since we have not heard from you regarding your return date, we are writing for clarification of your intentions. Given the upcoming expiration of your FMLA, you have a couple options available:

(1) Contact me immediately about your return to work.
(2) Resign due to your inability to return to work at this time.

If I do not hear from you by 4/1/2019, I will assume you are unable to return to your position and your employment with MEI will be terminated. On 4/3/2019 your employer covered insurance will end. In this case information regarding your rights and out of pocket costs under a COBRA insurance policy will be sent to you separately from our insurance carrier. You will also need to contact our office to arrange a time to return any keys, fobs, or other MEI property in your possession and pick up any personal items you may have left here at work.

I look forward to hearing from you very soon. You can reach me at 407.830.1000 should you have any questions that I may assist with.

Sincerely,

Tim Behling
HR Director
CC: Employee File, Employee Email