FINAL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DANIEL DEASE,

Plaintiff,

v. Case No: 6:20-cv-386-GAP-DCI

MORTON ELECTRIC, INC., TIM BEHLING and DUANNE PITTS,

Defendants.

---

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, the lawyers will give their closing arguments. You will then go to the jury room and begin your discussions, sometimes called deliberations.

**Instruction No. 1**
**Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Instruction No. 2**
**Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**Instruction No. 3**
**Impeachment of Witnesses (Inconsistency)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Instruction No. 4**
**Explanation of the Case**

The claims and defenses in this case are as follows. Plaintiff Daniel Dease claims that his former employer, Morton Electric, terminated him. He claims that this termination was in retaliation for taking leave he was entitled to under the Family and Medical Leave Act, or "FMLA," and because he is disabled. Mr. Dease also claims that Morton Electric failed to provide him with a reasonable accommodation for his disability.

Mr. Dease also claims that the remaining two Defendants, Timothy Behling and Duane Pitts are legally responsible for the FMLA retaliation.

Morton Electric, Mr. Behling, and Mr. Pitts each deny the allegations against them. They claim that Mr. Dease quit his job and was not terminated.

Mr. Dease must prove his claims by a preponderance of the evidence. I will now define some of the terms you will use in deciding this case.

**Instruction No. 5**
**Burden of Proof**

In this case it is the responsibility of Mr. Dease to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Dease's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Dease.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

With respect to Mr. Dease's claims under the Family Medical Leave Act, Mr. Dease has alleged unlawful retaliation against three separate Defendants – Morton Electric, Mr. Behling, and Mr. Pitts. You should consider each claim separately and weigh the presented evidence against each Defendant separately when making your determination. If the proof fails to establish any essential part of Mr.

Dease's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Instruction No. 6**
**Responsibility for Proof – Affirmative Defense**
**Preponderance of the Evidence**

In this case, Morton Electric, Mr. Pitts and Mr. Behling assert that each of them acted in good faith and did not violate any rights which may be secured to Mr. Dease under any applicable law. Even if Mr. Dease proves his claims by a preponderance of the evidence, Defendants can prevail in this case if they prove this affirmative defense by a preponderance of the evidence.

**Instruction No. 7**
**Family and Medical Leave Act – Retaliation Claim**

Mr. Dease's first claim is that Morton Electric, Mr. Pitts, and Mr. Behling violated a federal law called the Family and Medical Leave Act, also known as the FMLA, by terminating him on or before his FMLA leave ended because he took FMLA leave. All Defendants deny Mr. Dease's claims and assert that Mr. Dease was not terminated but instead resigned.

Under the FMLA, individuals can be held individually liable if they qualify as "Employers" – which I will define shortly. Mr. Behling claims that he is not an employer as contemplated by the FMLA and, therefore, cannot be held personally liable. Mr. Pitts also claims that he cannot be held personally liable because he played no role in the alleged termination of Mr. Dease.

Under the FMLA, an eligible employee may take up to 12 weeks of leave during any 12-month period for a serious health condition. This leave is called FMLA leave. It is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights.

To succeed on his claim against each Defendant, Mr. Dease must prove each of the following facts by a preponderance of the evidence:

First: That Mr. Dease was employed by Defendants;

Second: That Mr. Dease was eligible for FMLA leave;

Third: That Mr. Dease was entitled to FMLA leave;

Fourth: That Mr. Dease took FMLA leave;

Fifth: That Defendants terminated Mr. Dease;

Sixth: That the termination was an "adverse employment action;" and

Seventh: That Defendants took that action because Mr. Dease took FMLA leave.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

Because there are three separate Defendants for Mr. Dease's FMLA Retaliation claim, Mr. Dease must prove by a preponderance of the evidence that each of the seven elements above have been met as to each Defendant. Here, Morton Electric and Mr. Pitts do not dispute that Mr. Dease was an employee of both Morton Electric and Mr. Pitts, that he was eligible for FMLA, that he was entitled to FMLA leave, and that he took FMLA leave. With respect to Morton Electric and Mr. Pitts, you should consider these items as uncontested facts for elements one through four.

Mr. Behling denies that he was an employer under the FMLA. Like Mr. Pitts and Morton Electric, Mr. Behling does not contest that Mr. Dease meets elements two through four above. Therefore, with respect to the claim asserted against Mr. Behling, you should consider these items as uncontested facts for elements two through four.

With respect to the first element, a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, and is therefore jointly and severally liable under the FMLA. To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.

For the fifth element, you must decide if Mr. Dease was terminated by Morton Electric, Mr. Behling, and/or by Mr. Pitts, or if Mr. Dease resigned. You may find that Mr. Dease was terminated by one, two, or all three Defendants, or by none of them. If you decide that Mr. Dease resigned, your verdict is for Defendants and you need not consider any other elements.

For the sixth element, if you decide that Mr. Dease was terminated, then this element is fulfilled. Under the law, termination qualifies as an adverse employment action.

For the seventh element, if you decide that Mr. Dease was terminated, then you must decide whether Mr. Dease’s termination was because of Mr. Dease’s FMLA protected activity. Put another way, you must decide whether Mr. Dease’s FMLA-protected activity was the main reason for his termination.

To determine that Mr. Dease’s termination was because of his FMLA-protected activity, you must decide that Mr. Dease would not have been terminated if he had not engaged in FMLA-protected activity.

If you find that Mr. Dease has proved each element he must prove, you must decide the issue of Mr. Dease's damages.

When considering the issue of Mr. Dease's compensatory damages, you should determine what amount, if any, has been proven by Mr. Dease by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Dease's damages as a result of his termination, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork.

If Mr. Dease proved that he lost wages or benefits because of an FMLA violation by Morton Electric, Mr. Pitts, and/or Mr. Behling, then Mr. Dease may recover his net lost wages and benefits from the date of his termination to the date of your verdict.

**Instruction No. 8**
**Disability Discrimination**

Mr. Dease's next claim is that Morton Electric discriminated against him because of his disability when it terminated Mr. Dease.

The issues you must decide on this claim of Mr. Dease against Morton Electric are, first, whether Mr. Dease was terminated or whether he resigned. If you find that Mr. Dease resigned, then your verdict for this claim will be for Morton Electric and you need not consider damages.

If you find that Mr. Dease was terminated, you must also determine whether Morton Electric terminated Mr. Dease because of his disability and, if so, whether the termination was a legal cause of loss or damage to Mr. Dease. This can include a finding that Morton had a policy that required an employee to be 100% medically healed before allowing that employee to return to work and that such a policy was applied to Dease. If you find that his termination was discriminatory and the legal cause of damages, you must determine the amount of damages to be awarded to Mr. Dease.

To "discriminate" means to treat an employee differently with regard to compensation, terms, conditions, or privileges of employment because of the employee's disability.

Mr. Dease's disability is the legal cause of Morton Electric's decision to terminate Mr. Dease if Morton Electric made the decision because of Mr. Dease's

disability.

If the preponderance of the evidence does not support the claim of Mr. Dease, then your verdict should be for Morton Electric.

However, if the preponderance of the evidence supports the claim of Mr. Dease, then your verdict should be for Mr. Dease and against Morton Electric.

If you find that Mr. Dease was terminated because of his disability, the termination is the legal cause of a loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the termination, the loss or damage would not have occurred.

If you find that Mr. Dease was terminated, you should award Mr. Dease an amount of money that the preponderance of the evidence shows will fairly and adequately compensate him for such damage, including any such damage as Mr. Dease is reasonably certain to incur in the future. You shall consider the following elements of damages:

- Any lost wages and benefits to the date of trial; and
- any mental anguish and loss of dignity experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.

## Instruction No. 9
## Failure to Accommodate

Mr. Dease's third claim is that Morton Electric discriminated against Mr. Dease because of his disability by failing to provide a reasonable accommodation for his disability within the meaning of the Florida Civil Rights Act (FCRA).

Morton Electric denies Mr. Dease's claim and asserts that he never requested any accommodation after the expiration of his FMLA leave.

Under the FCRA, if an employer knows that an employee has a disability and needs a reasonable accommodation to perform the essential functions of his job, the employer must provide a reasonable accommodation.

To succeed on his claim, Mr. Dease must prove each of the following facts by a preponderance of the evidence:

First: Mr. Dease had a disability;

Second: Mr. Dease was a qualified individual;

Third: Morton Electric knew of Mr. Dease's disability;

Fourth: Mr. Dease requested an accommodation;

Fifth: A reasonable accommodation existed that would have allowed Mr. Dease to perform the essential functions of the job; and

Sixth: Morton Electric failed to provide a reasonable accommodation.

Here, the Parties have agreed and do not dispute that Mr. Dease was both disabled and a qualified individual as defined under the Florida Civil Rights Act,

that Morton Electric knew of Mr. Dease's disability, and that had Mr. Dease requested an accommodation Morton Electric could have provided a reasonable accommodation to him. You should consider these items as uncontested facts for elements one, two, three, and five.

In the verdict form that I will explain in a moment, you will be asked to answer questions about the remaining factual issues.

For the fourth element, Mr. Dease must prove by a preponderance of the evidence that he requested an accommodation. A request for an accommodation can be either verbal or written.

Put another way, the fourth element requires Mr. Dease to prove that Morton Electric knew of both the substantial limitations that his disability created, and the need for an accommodation.

For the sixth element, Mr. Dease must prove by a preponderance of the evidence that Morton Electric failed to provide a reasonable accommodation.

Mr. Dease claims that he would have been able to perform the essential functions of the Purchasing Agent position with a reasonable accommodation. Morton Electric contends that it could have provided a reasonable accommodation but claims that Mr. Dease never requested any type of accommodation and therefore Morton Electric had no opportunity to provide one.

If you find that Mr. Dease has proved each element that he must prove, you must decide the issue of his compensatory damages.

When considering the issue of Mr. Dease's compensatory damages, you should determine what amount, if any, has been proven by Mr. Dease by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Dease's damages as a result of Morton Electric's failure to provide Mr. Dease with a reasonable accommodation, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Morton Electric. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Mr. Dease has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Mr. Dease's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.

To determine whether and how much Mr. Dease should recover for emotional pain and mental anguish, you may consider both the mental and

physical aspects of injury – tangible and intangible. Mr. Dease does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Instruction No. 10**
**Mitigation**

For each count brought here, the relevant Defendants raise the affirmative defense of mitigation of damages. You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of Mr. Dease's claim for lost pay, the duty to mitigate damages requires Mr. Dease to be reasonably diligent in seeking substantially equivalent employment to the position he held with Defendants. To prove that Mr. Dease failed to mitigate his damages, Morton Electric, Mr. Pitts, and Mr. Behling must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Dease held with Defendants was available, and (2) Mr. Dease did not make reasonably diligent efforts to obtain it. If, however, Morton Electric, Mr. Pitts, and Mr. Behling show that Mr. Dease did not make reasonable efforts to obtain any work, then Defendants do not have to prove that comparable work was available.

If you find that Morton Electric, Mr. Pitts, and Mr. Behling proved by a preponderance of the evidence that Mr. Dease failed to mitigate his damages, then you should reduce the amount of Mr. Dease's damages by the amount that could have been reasonably realized if Mr. Dease had taken advantage of an opportunity for substantially equivalent employment.

**Instruction No. 11**
**Punitive Damages**

There is an additional claim in this case that you may need to decide. Mr. Dease asks you to award punitive damages on his claims against Morton Electric for disability discrimination and failure to accommodate. The purpose of punitive damages is not to compensate Mr. Dease but, instead, to punish Morton Electric for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Mr. Dease on either or both of his claims for disability discrimination and failure to accommodate and award him compensatory damages on either claim (or both).

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of Morton Electric is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide the amount of punitive damages to be awarded.

To be entitled to an award of punitive damages Mr. Dease must prove by a preponderance of the evidence that Morton Electric acted with either malice or with reckless indifference toward Mr. Dease's protected rights. Specifically, Mr. Dease must show that an employee of Morton Electric, acting in a managerial

capacity, either acted with malice or with reckless indifference to Mr. Dease's protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Morton Electric gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Morton Electric acted with malice, Mr. Dease must show that an employee acting in a managerial capacity knew that the law prohibits discrimination but discriminated against Mr. Dease anyway. To show that Morton Electric acted with reckless indifference to Mr. Dease's protected rights, Mr. Dease must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated the law. Either malice or reckless indifference is sufficient to entitle Mr. Dease to an award of punitive damages; he need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies

prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Morton Electric acted with malice or with reckless indifference to Mr. Dease's protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Morton Electric engaged in a pattern of discrimination toward its employees; (2) whether Morton Electric acted spitefully or malevolently; (3) whether Morton Electric showed a blatant disregard for civil legal obligations; (4) whether Morton Electric failed to investigate reports of discrimination; (5) whether Morton Electric failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Mr. Dease's termination.

**Instruction No. 12**
**Note Taking**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Instruction No. 13**
**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Mr. Dease's damages should not be interpreted in any way as an indication that I believe that Mr. Dease should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Instruction No. 14**
**Election of Foreperson Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.